IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DANIEL LYNN WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **NO. 3:20-cv-00581** |
| ) | |
| **WARDEN HALL, et al.,** ) | **JUDGE CAMPBELL** |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

Daniel Lynn Williams, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a pro se complaint for alleged violation of civil rights pursuant to 42 U.S.C. § 1983 on July 7, 2020. (Doc. No. 1.) Plaintiff also filed an application for leave to proceed as a pauper. (Doc. No. 2.) As explained below, Plaintiff's application to proceed as a pauper is well taken, but his action is improperly venued in this district and therefore subject to transfer.

**I. APPLICATION TO PROCEED AS A PAUPER**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). A proper application consists of an affidavit of poverty, *id.* § 1915(a)(1), and a certified statement of trust fund account activity for the six months preceding the complaint's filing. *Id.* § 1915(a)(2). While Plaintiff's application lacks an account statement, he has included a signed statement explaining his attempts to procure one. (Doc. No. 2 at 3.) He states that those attempts were stymied due to the facility's insistence upon reading his complaint prior to providing the requested account statement, and his refusal to allow such inspection. (*Id.*) This Court's

precedent allows a plaintiff who has met opposition to his efforts to get a certified account statement to submit, in lieu thereof, a signed statement detailing his attempts to meet this statutory requirement. *See Michael Kilpatrick v. James O'Rouke*, No. 3:16-cv-01840 (M.D. Tenn. 2016) (Sharp, J.) (Doc. No. 3 at 1–2). The Court accepts Plaintiff's showing of his good faith attempt to comply with Section 1915(a)(2).

Because it is apparent from Plaintiff's application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. *Id.* § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. *Id.* § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," *id.* at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Because all Defendants to the current action are alleged to reside in Tennessee, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). Defendants appear to reside in Whiteville, Hardeman County, Tennessee, where they are employed as Hardeman County Correctional Facility officials. (*See* Doc. No. 1 at 2–3.) Hardeman County lies within the Western District of Tennessee. 28 U.S.C. § 123(c)(1). The complaint is solely concerned with alleged wrongdoing that occurred at the Hardeman County Correctional Facility, where Plaintiff remains incarcerated. The Court therefore finds that venue is improper in this district under Section 1391(b), and that transfer of this action to the Western District is warranted under Section 1406(a).

## III. CONCLUSION

In light of the foregoing, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Eastern Division. The screening of the complaint under the PLRA will be taken up by the receiving court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE